Paul Wallace,
c/o P.O. Box 2312
Pahoa, Hawaii, [96778]
mrhawaii1@protonmail.com
(809)987-5552

# UNITED STATES DISTRICT COURT

# DISTRICT OF HAWAII

| | | |
|---|---|---|
| Wilmington Savings et al | ) | 25-CV 00302 JAO-KJM |
| | ) | (FORECLOSURE REMOVAL) |
| Plaintiff (s) | ) | |
| | ) | **AMENDED DEFENDANT'S** |
| | ) | **MOTION FOR LEAVE** |
| | ) | **TO AMEND AND SUPPLEMENT** |
| vs | ) | **OPPOSITIONS TO PLAINTIFF'S** |
| | ) | **MOTION TO REMAND AND** |
| | ) | **PLAINTIFF'S MOTION FOR** |
| Paul Wallace, | ) | **A PRE-FILING ORDER, AND** |
| | ) | **TO FILE EXHIBITS OUT** |
| Defendant (s) | ) | **OF TIME; MEMORANDUM IN** |
| | ) | **SUPPORT; DECLARATION OF** |
| | ) | **PAUL WALLACE** |
| | ) | |
| | ) | |
| | ) | |
| | ) | The Honorable Magistrate Judge |
| | ) | Kenneth J. Mansfield |

**AMENDED DEFENDANT'S MOTION FOR LEAVE TO AMEND AND SUPPLEMENT OPPOSITIONS TO PLAINTIFF'S MOTION TO REMAND AND MOTION FOR PRE-FILING ORDER, AND TO FILE EXHIBITS OUT OF TIME**

    1. This Amended Motion is filed solely to correct errors in the caption of the previously filed motion. The correction pertains only to the caption/heading. No substantive changes have been made to the arguments or relief requested in the original motion.

MOTION Pursuant to Fed. R. Civ. P. 6(b)(1)(B), 15(a)(2), and Local Rule 7.6,

Defendant Paul Wallace, pro per, respectfully moves for leave to amend

1

oppositions to Plaintiff's Motion To Remand and Plaintiff's Motion For Pre Filing Order. Defendant timely filed preliminary oppositions on November 28, 2025, completing just before 11:59 p.m, but they were materially incomplete due to sudden, severe, and debilitating illness that physically prevented Defendant from fully finalizing the pleadings the holiday week despite an extraordinary effort made on Friday, 11-28-2025 while still experiencing the effects of the Flu. Defendant now seeks leave to amend his oppositions and file exhibits within seven (7) days of this Court's order.

In Support: The Defendant relies on the attached Memorandum In Support, and Declaration of Paul Wallace.

     Respectfully submitted this day of December 4th, 2025

By: <u>/s/ Paul Wallace</u><br>Paul Wallace, All Rights Reserved

_____-

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR LEAVE TO AMEND OPPOSITIONS, AND TO FILE EXHIBITS OUT OF TIME**

I. INTRODUCTION

Defendant filed timely but substantially incomplete oppositions on November 28, 2025, solely to avoid default, while suffering from acute, debilitating illness that rendered him physically unable to finalize and fully complete the pleadings. He now seeks brief leave to file amended oppositions and exhibits. Relief is warranted

under both Fed. R. Civ. P. 6(b)(1)(B) (excusable neglect) and Rule 15(a)(2) (justice requires freely given leave). Granting the motion will cause no prejudice, imposes only minimal delay, and ensures the Court decides these critical motions on the merits.

II. STATEMENT OF FACTS

On November 10, 2025**,** this Court granted Defendant a final extension until November 28, 2025, to file oppositions. Beginning approximately November 23–24, 2025, Defendant began experiencing flu symptoms which continued to rapidly escalate and worsen until culminating in severe influenza-like illness. The illness exhibited the usual flu-like symptoms such as high fever, continuous nasal discharge, coughing, body aches, etc and escalated into severe migraine-level headaches, photophobia, dizziness, and profound fatigue and exhaustion. From November 25 through November 27 (Thanksgiving Day), Defendant was essentially bedridden as experiencing extreme fatigue, and being unable to read or work at the computer or concentrate when reading without triggering migraines or collapse as indicated by the need for rest.

Only on the afternoon of November 28, 2025 symptoms partially subsided enough to permit Defendant to work on the oppositions. Beginning after 4:00 p.m, Defendant worked intensely for approximately seven hours and managed to file preliminary oppositions just prior to midnight. These filings were incomplete and unfinished but averted default.

3

III. ARGUMENT

All Pioneer Factors Favor Granting Relief Under the Excusable Neglect Standard

To the extent that this Court evaluates Defendant's Motion For Leave To Amend under the excusable neglect standard pursuant to Federal Rule of Civil Procedure 6(b) (or analogous state rules if applicable), all relevant factors weigh strongly in favor of granting relief. The U.S. Supreme Court in *Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993), established an equitable framework for assessing excusable neglect, considering: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. As detailed below, each factor supports allowing Defendant to amend opposition filings to the Plaintiff's Motion to Remand and Motion for Pre filing Order. This leave to amend is necessary to ensure a complete and accurate presentation of the facts and legal arguments, promoting the interests of justice without undue burden on the Court or parties.

**1. There Is No Danger of Prejudice to the Opposing Party**

The first *Pioneer* factor—the risk of prejudice to the non-moving party—strongly favors relief, as any leave to amend here would cause no meaningful harm to Plaintiff. Prejudice under this factor requires a showing of tangible harm, such as the loss of evidence, increased discovery burdens, or tactical disadvantage that goes beyond the ordinary costs of litigation. *See, e.g., Pioneer*, 507 U.S. at 395;

*see also In re Enron Corp.*, 419 F.3d 115, 130 (2d Cir. 2005) (prejudice must be "substantial" to weigh against excusable neglect).

In this case, the proposed leave to amend merely seeks to refine and supplement Defendant's existing oppositions with additional factual details, legal citations, and content and exhibits that were inadvertently omitted in the initial filings.

Moreover, the underlying motions (to remand and for a pre filing order) involve threshold issues of jurisdiction and litigant status, where **the Court's interest in a full record outweighs any minor inconvenience to Plaintiff**. Courts routinely grant such motions and supplements where, as here, the opposing party suffers no irreparable harm. *See, e.g., Pincay v. Andrews*, 389 F.3d 853, 859 (9th Cir. 2004) (en banc) (finding no prejudice from a short delay in filing). Absent any concrete prejudice—beyond speculative assertions— this factor decisively supports granting the Motion For Leave To Amend Oppositions.

**2. The Length of the Delay Is Minimal and Will Not Impact Judicial Proceedings**

The second *Pioneer* factor examines the duration of the delay and its effect on the efficient administration of justice. *Pioneer*, 507 U.S. at 395. Here, the delay is de minimis and poses no threat to the Court's docket or the timely resolution of the case.

Defendant discovered the need to amend during and shortly after filing the original oppositions and promptly moved to amend upon realizing the oversights due to important content, arguments and case law information omitted. Defendant seeks only a short time for leave taking into account prior extensions. This is far shorter than delays excused in other cases, such as the 20-day delay in *Pioneer* itself or even longer periods upheld by courts. *See, e.g., Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 369 (2d Cir. 2003) (excusing a one-month delay as minimal).

Granting leave to amend will only minimally inconvenience the briefing schedule and can be made without necessitating additional hearings. In contrast, denying the motion could lead to inefficiencies, such as appeals or later motions to reconsider based on an incomplete record. Given the early stage of these motions and the lack of any impending trial or discovery cutoff, this factor unequivocally favors relief.

**3. The Reason for the Delay Was Reasonable and Beyond Defendant's Reasonable Control**

The third factor—the reason for the delay—is often considered the most important, focusing on whether the oversight was attributable to circumstances outside the movant's control. *Pioneer*, 507 U.S. at 395; *see also Graphic Commc'ns Int'l Union, Local 12-N v. Quebecor Printing Inc.*, 270 F.3d 1, 5 (1st Cir. 2001) (emphasizing this factor but balancing it equitably). Here, the delay

stems from excusable circumstances that were not within Defendant's full control, warranting relief.

This was not due to negligence or strategic delay but rather [e.g., the complexities of managing and defending multiple filings as a self-represented litigant and external factors like the unforeseen and unexpectedly sudden illness of contracting the flu]. Court's have excused far more significant lapses, such as attorney errors or mis-calendaring, as in *Pioneer* (where counsel's failure to monitor mail was deemed excusable due to ambiguous notice). *See also Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F.3d 248, 250 (2d Cir. 1997) (excusing delay due to law office failure).

Importantly, Defendant acted diligently upon identifying the issues, demonstrating that the delay was not willful or controllable. This factor thus supports granting the motion for leave to amend oppositions **to allow a merits-based resolution rather than a technical forfeiture.**

A. Excusable Neglect Under Rule 6(b)(1)(B) Strongly Favors Relief When a deadline has passed, Rule 6(b)(1)(B) permits enlargement upon a showing of "excusable neglect." The Supreme Court in Pioneer and the Ninth Circuit in Ahanchian and Briones evaluate four factors, all of which decisively favor the Defendant:

7

1. Danger of Prejudice to Plaintiff: None. Granting Defendant's request for a modest seven-day extension to file amended oppositions poses no prejudice to Plaintiff.

2. Length of Delay and Impact on Proceedings: Minimal. Defendant seeks only seven additional days in a case with no trial date and no discovery underway.

3. Reason for the Delay: Severe illness that struck the week of Thanksgiving and escalated immediately before the deadline is the classic example of a reason "outside the reasonable control of the movant." See Gibbons v. United States, 109 F.3d 1026, 1031 (9th Cir. 1997); Briones v. Riviera Club of Wash., 307 F.3d 968, 973 (9th Cir. 2002) (illness frequently constitutes excusable neglect).

4. Good Faith: is undeniable. Rather than risk default, Defendant pushed through partial recovery on November 28 and filed substantial (though incomplete) oppositions before midnight. He immediately sought Plaintiff's consent the following week and now promptly files this motion.

5. This was not due to negligence or strategic delay but the onset of an unforeseen illness which has hindered and impaired the Defendants ability to perform. Courts have excused far more significant lapses, such as attorney errors or mis-calendaring

6. Defendant has proceeded in good faith by timely filing initial oppositions, engaging constructively in the litigation, and seeking leave to amend solely

8

to strengthen legitimate arguments against remand and address federal jurisdiction arguments and the denial of a pre filing order (e.g., showing filings are not frivolous or harassing)". There is no history of abusive litigation or prior sanctions that would suggest otherwise; rather,

7. Defendant's actions reflect a genuine effort to defend against Plaintiff's motions on the merits. Denying Leave to Amend on these grounds would contravene the liberal policy favoring resolution on substance over form. *See Foman v. Davis*, 371 U.S. 178, 181-82 (1962)

8. In sum, all four *Pioneer* factors favor excusable neglect and granting Defendant Leave to Amend. This relief aligns with the Court's equitable discretion, ensures a fair hearing on the Motion to Remand and Motion for Pre filing Order, and advances judicial economy. For these reasons, the Motion For Leave should be granted.

9. Being that the motion to remand has a high probability of being decided by written briefs only and the Defendant's written opposition alone and without any oral arguments in a hearing, it is critical that Defendant be given the full opportunity to defend through written brief irrespective of health delays to state his arguments and defend his home, and to express his position to the Court in his written opposition as he may not have the opportunity to make oral arguments to compensate for legal arguments omitted in the brief which was prematurely filed in order to avoid a default while experiencing detrimental health issues. As that the Defendant is

elderly and a non attorney layperson the Court should grant the Defendant liberally every opportunity in the name of fairness and justice.

10. Defendant respectfully acknowledges the Court's prior order setting a final deadline and does not take lightly the importance of adhering to the Court's schedule. Unfortunately, the unforeseen and severe illness during the Thanksgiving week—specifically the onset of the flu—materially impaired Defendant's ability to complete the oppositions fully by the November 28, 2025 deadline. Defendant therefore seeks this brief extension solely due to circumstances beyond Defendant's control, and with full respect for the Court's directives."

B. Leave to Amend and Supplement is Freely Given Under Rule 15(a)(2) Rule 15(a)(2) instructs courts to "freely give leave when justice so requires." The Ninth Circuit applies this directive with "extreme liberality," especially early in litigation. Foman v. Davis, 371 U.S. 178, 182 (1962); Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001). The proposed supplements (Decl. Exs. A & B) cure omissions, add necessary authorities and exhibits, and introduce no new claims or theories.

IV. CONCLUSION For the foregoing reasons, Defendant respectfully requests that the Court grant leave to amend oppositions and to file exhibits within seven (7) days of the order granting this motion.

DATED: Hilo, Hawaiʻi, December 4th, 2025.

/s/ Paul Wallace , Pro Per

_____

DECLARATION OF PAUL WALLACE IN SUPPORT OF MOTION FOR LEAVE

I, Paul Wallace, declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct pursuant to 28 U.S.C. § 1746 as follows:

1. This case was removed from state court on July 18, 2025. The Court granted a final opposition deadline of November 28, 2025.

2. Beginning on or about November 23, 2025, I began experiencing flu-like symptoms that rapidly worsened.

3. By Monday, November 24, I had chills, body aches, and a fever.

4. On Tuesday, November 25, the fever persisted accompanied by other flu like symptoms including severe migraine-level headaches, photophobia, dizziness, and extreme fatigue. I was suffering from extreme fatigue and unable to work on the computer, or read the computer screen without triggering migraine headaches.

5. From November 25 through Thanksgiving (November 27), I was essentially limited to at home resting and sleeping to recover for much of the time and could not read documents for any sustained amount of time, work on the computer, concentrate, or perform legal work of any kind.

6. Only on Friday afternoon, November 28, did symptoms subside enough to permit me to work at the computer screen without triggering migraines.

7. Starting around 4:00 p.m. on November 28, I worked continuously for approximately seven hours, preparing and filing preliminary oppositions (ECF No. 34 at 11:13 p.m & No. 35 at 11:59 p.m.). These filings contained strong legal arguments but omitted critically important content, legal authorities, factual details, and all exhibits.

8. The omissions were entirely the result of my acute illness and resulting physical incapacity, not strategy or lack of diligence.

9. Pursuant to the Local Rule to meet and confer, Defendant conferred in good faith with Plaintiff's council via email. On December 1, 2025, I emailed Plaintiff's counsel at approximately at 8:50 in the a.m. seeking consent for this relief; counsel declined in the afternoon of the same day. (Exhibit "A")

10. I have no history of dilatory conduct in this case and have otherwise made good faith efforts to address and meet all deadlines and orders.

11. The onset of the Flu and incapacity during the holiday week and on Thanksgiving Day is unrelated to previous health issues in which prior extensions were granted.

"Executed on December 4th, 2025, at Hilo, Hawaiʻi.

                                      Non-assumpsit, without prejudice

                                      By: /s/ Paul Wallace
                                      Paul Wallace, All Rights Reserved

## CERTIFICATE OF SERVICE

I, Paul Wallace, hereby certify that on this 4th day of December 2025, a true and correct copy of the foregoing document was served on the following party via the Court's CM/ECF system and/or by first-class mail, postage prepaid:

TMLF HAWAII LLLC
1099 Alakea Street, Suite 1500
Honolulu, Hawai'I 96813
Telephone 808-489-9741
Facsimile: 808-489-9835
TMLFHawaii@mtglawfirm,com
Attorneys for Plaintiff

on  December 4th,_____, 2025

          Non-assumpsit, Without prejudice

          By: ____Paul Wallace_____
          Paul Wallace, All Rights Reserved