TMLF HAWAII LLLC
A Hawai'i Limited Liability Law Company

ROBIN MILLER          # 7982
JASON L. COTTON       #10453
1099 Alakea Street, Suite 1500
Honolulu, Hawai'i  96813
Telephone: 808-489-9741
Facsimile:  808-489-9835
TMLFHawaii@mtglawfirm.com

Attorneys for Plaintiff

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF HAWAI'I

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR SC PARK LANE II TRUST 2019-1,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL WALLACE; HAWAIIAN PARADISE PARK OWNERS ASSOCIATION; PORTFOLIO RECOVERY ASSOCIATES, LLC; JOHN DOES 1-50; JANE DOES 1-50; DOE PARTNERSHIPS 1-50; DOE CORPORATIONS 1-50; DOE ENTITIES 1-50; AND DOE GOVERNMENTAL UNITS 1-50,<br><br>Defendants. | CASE NO. CV 25-00302 JAO-KJM (FORECLOSURE)<br><br>PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PRE-FILING ORDER, FILED AUGUST 19, 2025; DECLARATION OF COUNSEL; EXHIBITS "17"; CERTIFICATE OF SERVICE<br><br>HONORABLE MAGISTRATE JUDGE KENNETH J. MANSFIELD<br><br>Hearing:<br>Date:   January 14, 2026<br>Time:  10:00 a.m.<br><br>No Trial Date Set |

127149

**PLAINTIFF'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR PRE-FILING ORDER, FILED AUGUST 19, 2025**

COMES NOW Plaintiff WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR SC PARK LANE II TRUST 2019-1 ("Plaintiff") by and through its attorneys, TMLF Hawaii LLLC, and hereby submits its Reply Memorandum in support of its Motion for Pre-Filing Order, filed herein on August 19, 2025.

On November 28, 2025, Defendant PAUL WALLACE ("Defendant") filed his Memorandum in Opposition to Plaintiff's Motion for Pre-Filing Order ("Opposition"). Defendant does not contest the procedural requirements for a pre-filing order, notice and the opportunity to be heard, have been satisfied. The Motion for Pre-Filing Order was filed on August 19, 2025, and was served on Defendant electronically the same day. On September 24, 2025, Wallace filed his Motion for Extension of Time to File Opposition to Plaintiffs' [sic] Motion for Pre-Filing Order (Fed. R. Civ. P. 6(b)) seeking a thirty (30) day extension of time to oppose Plaintiff's Motion for Pre-Filing Order. Defendant's extension request was based on the poor health of Defendant.

On September 26, 2025, the Court granted Defendant's motion, extending the deadline for Defendant to oppose Plaintiff's Motion for Pre-Filing Order from September 22, 2025, to October 24, 2025. The Court also continued the hearing on

Plaintiff's Motion for Pre-Filing Order from October 22, 2025, to November 19, 2025. The deadline for Defendant to oppose Plaintiff's Motion to Remand was also extended at Defendant's request from September 24, 2025, to October 24, 2025.

On October 24, 2025, Defendant filed his Motion for Second Extension of Time to File Oppositions to Plaintiff's Motion to Remand and Motion for a Pre-Filing Order. Said motion sought a second thirty (30) day extension from October 24, 2025, to November 24, 2025, for Defendant to oppose Plaintiff's Motion for Pre-Filing Order and Motion to Remand.

Although Defendant had "diligently worked toward compliance" with the October 24, 2025 deadline, "uncontrollable obstacles, delays, and worsening health issues" prevented Defendant from being able to file an opposition by October 24, 2205. The uncontrollable obstacles and delays were allegedly technical glitches preventing Defendant from accessing the Court's electronic filing system and his desire to retain legal counsel.[1]

In accordance with the Court's direction, on November 7, 2025, Plaintiff filed its written opposition to Defendant's second extension request. On the same day, Defendant filed another motion to extend the deadline for Defendant to oppose Plaintiff's Motion to Remand and Motion for Pre-Filing Order. Defendant's third

---

[1] On November 16, 2025, the court reinstated Defendant's electronic filing privileges.

3

motion asked for an extension from November 7, 2025 to November 21, 2025. Although Defendant "completed approximately 70-80% of the oppositions" as of November 7, 2025, Defendant still needed additional time due to his health, advanced age, his status as a pro se litigant, and his desire to retain counsel.

On November 10, 2025, this Court, over Plaintiff's objection, granted a final extension to Defendant to file his oppositions. The deadline for Defendant to file his oppositions to Plaintiff's motions was extended from October 24, 2025, to November 28, 2025. The hearing on Plaintiff's Motion for Pre-Filing Order was continued from November 19, 2025, to January 14, 2026.

Defendant has had notice of Plaintiff's Motion for Pre-Filing Order since August 18, 2025. Defendant's original opposition deadline of September 22, 2025, was extended to November 28, 2025, and the hearing of said motion has been continued from October 22, 2025, to January 14, 2026, all at Defendant's request. Defendant has had ample notice of Plaintiff's Motion for Pre-Filing Order and will have the opportunity to be heard on January 14, 2026.

### A. DEFENDANT'S MERITLESS REMOVAL OF THE MATTER IS FRIVOLOUS

When evaluating frivolousness for purposes of vexatiousness, the Court must "look at both the number and content of the filings as indicia of the frivolousness of the litigant's claims." De Long v. Hennessey, 912 F.2d 1144, 1148 (9th Cir. 1990) (internal quotes omitted).

Defendant argues because his conduct has been limited to the "repeated removal of a single state court action" based upon his sincere belief there are federal issues justifying this Court's jurisdiction, a pre-filing order should not be issued. Opposition, 4-5. Defendant further argues although "this Court has twice determined that it lacks subject matter jurisdiction and remanded the action, a finding of lack of jurisdiction is not equivalent to a finding of frivolousness." Opposition, 4.

Admittedly, this matter does not involve a litigant who has initiated dozens of lawsuits. This matter is before the Court because of Defendant's third removal of the same cause of action for a residential mortgage foreclosure in the last eighteen (18) months. The abusive conduct Plaintiff seeks to deter is Defendant's frivolous removal of Plaintiff's mortgage foreclosure claim from the Circuit Court of the Third Circuit, State of Hawaii to the U.S. District Court, District of Hawaii.

Defendant has been educated by the District Court on no less than two separate occasions as to how this court lacks jurisdiction. Nonetheless, after the entry of the:

- Order Granting in Part and Denying in Part Plaintiff's Motion for Remand and Removal-Related Attorneys' Fees and Costs entered on June 28, 2024 in Civil No. 1:24-cv-00070-LEK-RT;

- Order Denying Defendant's Motion for Reconsideration of Order Granting in Part and Denying in Part Plaintiff's Motion for Remand and Removal-Related Attorneys' Fees and Costs entered on August 20, 2024 in Civil No. 1:24-cv-00070-LEK-RT;

- Order Remanding Action entered on June 16, 2025, in Civil No. 1:25-cv-00122-JAO-KJM;

Defendant removed this matter for the third time from the Circuit Court of the Third Circuit, State of Hawaii, to U.S. District Court, on July 18, 2025. While three (3) removals may not be an enormous number, this Court should understand Defendant removed the same single cause of action for foreclosure three (3) times within the last eighteen (18) months after being expressly informed twice this Court lacks jurisdiction over the matter and must remand the case to the Circuit Court of the Third Circuit, State of Hawaii.

In Moy v. United States, 906 F.2d 467 (9th Cir. 1990), Moy filed over five (5) claims against substantially the same defendants arising out of the same set of operative facts. The District Court dismissed the first action, finding the claims were not supported by the facts provided by Moy or the law. In the second action, Moy engaged in extensive discovery and filings which Moy would withdraw when the defendants moved the court for relief. Ultimately, the District Court entered a pre-filing order finding Moy sought to relitigate claims unsupported by the facts or the law. The pre-filing order was entered despite no evidence in the record of a litigious history by Moy. Although the pre-filing order was found to be overly broad by the United States Court of Appeals, Ninth Circuit, the pre-filing order was upheld but modified to only require complaints filed by Moy against specific defendants to be subject to pre-filing review (as opposed to all complaints filed by Moy).

6

Pre-filing orders may be issued when a litigant takes the same meritless action a handful of times after being told said action cannot be sustained based upon the relevant facts and the law. Similar to Moy, Defendant's persistent removal of the same action, based on the same complaint, based on the same operative facts, involving the same parties, which removal has been found to be meritless, justifies the entry of a well-tailored pre-filing order. *See also* In re Koshkalda, 622 B.R. 749, 762 (B.A.P. 9th Cir. 2020) (Actions of a defendant can be cited to establish an overall pattern of defendant's intent to file frivolous filings to frustrate Plaintiff's claims).

On June 28, 2024, Defendant was informed removal based on diversity jurisdiction is improper and federal-question jurisdiction does not exist based on the presence, or alleged presence, of a federal defense. Specifically, Defendant was informed federal-question jurisdiction does not exist because Plaintiff prays for relief solely under a Hawaii state law foreclosure claim; no claims are alleged under federal law on the face of Plaintiff's Amended Complaint. See Exhibit "11".

Despite being informed of the law, less than a year later, on March 17, 2025, Defendant filed nearly the same Notice of Removal, once again alleging removal is proper based on federal question jurisdiction. The Court in 1:25-cv-00122-JAO-KJM provided Defendant with the opportunity to establish subject matter jurisdiction through an Order to Show Cause. In response, Defendant provided "a

7

laundry list of federal statutes and constitutional rights that Plaintiff allegedly violated." See Exhibit "15".

Although the Court acknowledged in the Order Remanding Action entered on June 16, 2025, in 1:25-cv-00122-JAO-KJM, that "Defendant has continued to file frivolous motions . . . in this meritless removal", the Court issued its final warning Defendant may be sanctioned if he removed the action again under similar circumstances.

Defendant argues his attempts at removal were based on his sincere belief that his citations to federal statutes and regulations and the United States Constitution provided this Court with jurisdiction over the matter. Opposition, 4. Although Defendant alleges it is an innocent error, he fails to explain why the innocent error occurred the second time on March 17, 2025, and the third time on July 20, 2025, through the filing of his second and third notices of removal. Furthermore, Defendant does not attest the same innocent error will not happen again and/or has not offered to stipulate to remanding this matter back to state court.

Plaintiff respectfully states it has provided the Court with an adequate record to allow the Court to enter substantive findings as to the frivolous nature of Defendant's actions.

## B. THE PROPOSED PRE-FILING ORDER IS NARROWLY AND PROPERLY TAILORED TO ADDRESS DEFENDANT'S CIRCUMSTANCES

Plaintiff asks this Court to issue an order requiring Defendant to first obtain leave of Court before being entitled to file a notice of removal of the pending foreclosure action in the Circuit Court of the Third Circuit, State of Hawaii. If leave of Court is granted, the Clerk of the Court may open a proceeding, assign a case number, and the matter may proceed in accordance with applicable court rules.

The form of the proposed pre-filing order does not prohibit Defendant from commencing matters in U.S. District Court, or from filing in other matters he may have pending in U.S. District Court or the federal judicial system. The proposed form of the pre-filing order is narrowly tailored to prevent Defendant from filing another meritless removal of the pending foreclosure action for the purpose of preventing Plaintiff from recovering upon its Judgment. In re Koshkalda, 622 B.R. 749, 762 (B.A.P. 9th Cir. 2020).

Plaintiff recognizes Rule 11 of the Federal Rules of Civil Procedure provides the Court with the authority to sanction frivolous or abusive filings to deter such conduct. Such sanctions include, but are not limited to, monetary sanctions in various forms (i.e. penalties, payment of attorneys' fees and costs, etc.). Plaintiff is not seeking a monetary sanction against Defendant as he has declared, under penalty of perjury, through the filing of his Application to Proceed in District Court Without

Prepaying Fees or Costs, filed on August 14, 2025, he is unable to pay the costs of this proceeding, is not presently employed, is receiving no pay or wages at this time, and carries an average monthly expense for housing, transportation, utilities, or loan payments and other regular monthly expenses of approximately $1,455.00 per month.  <u>See</u> Exhibit "17".  If a monetary sanction is entered against Defendant, it does not appear Defendant will be financially able to pay said sanction.

It is not Plaintiff's intention to deprive Defendant from access to this Court or to burden Defendant with additional monetary obligations he cannot afford. Plaintiff's intent is to deter Defendant from his continuous removal of the state foreclosure action without merit, as previously decided by this court.

In light of the foregoing, Plaintiff respectfully requests the Court grant Plaintiff's Motion for Pre-Filing Order, filed herein on August 19, 2025.

Respectfully submitted this 12th day of December, 2025.

/s/ *Robin Miller*
ROBIN MILLER
JASON L. COTTON

Attorneys for Plaintiff