IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILMINGTON SAVINGS, FUND SOCIETY, FSB,<br><br>       Plaintiff,<br><br>   vs.<br><br> PAUL WALLACE,<br><br>       Defendant. | CIVIL NO. 25-00302 JAO-KJM<br><br><br>ORDER REMANDING ACTION |

**ORDER REMANDING ACTION**

This foreclosure action was first filed in 2012 in the Circuit Court of the

Third Circuit, State of Hawaii ("Circuit Court").  Since 2024, it has been removed

from state to federal court three times.  Less than five weeks after the second

remand, Defendant Paul Wallace ("Defendant"), who is proceeding pro se, filed

another removal for this action.  Although Defendant's first and second removals

were nearly identical to each other, Defendant has slightly changed tactics and now

asserts that removal is proper based on federal question, bankruptcy, and diversity

jurisdiction.

Pending before the Court are several motions and objections.  Most

significant is a Motion to Remand by Plaintiff Wilmington Savings Fund Society,

FSB, doing business as Christiana Trust, not in its individual capacity but solely as Trustee for SC Park Lane II Trust 2019-1 ("Plaintiff").  After removing the case, Defendant also filed an application to proceed in district court without prepaying fees or costs ("IFP Application") and a motion to stay the remand so he can conduct limited jurisdictional discovery.  Defendant further objects to Magistrate Judge Kenneth J. Mansfield's orders granting Plaintiff's motion for a pre-filing order and denying him leave to file amended oppositions and a sur-reply.

For the following reasons, the Court OVERRULES Defendant's objections to Judge Mansfield's orders, REMANDS the action back to the Circuit Court, and DENIES all other pending motions as MOOT.

## I.    BACKGROUND

Judge Mansfield's Order Granting Plaintiff's Motion for Pre-Filing Order; Pre-Filing Order, ECF No. 51 ("Pre-Filing Order"), thoroughly outlines the factual and procedural background of this case.  Because Defendant doesn't object to the factual description in the Pre-Filing Order, the Court adopts and incorporates its factual background.

For context, Plaintiff's predecessor filed a Complaint for Foreclosure in the Circuit Court on February 29, 2012.  ECF No. 51 at 2.  Defendant had a promissory note and mortgage on the disputed property and eventually defaulted under the terms of the promissory note and mortgage.  *Id*. at 3.  In 2023, Plaintiff

filed a Motion for Summary Judgment Against All Defendants and for

Interlocutory Decree of Foreclosure. *Id.* The Circuit Court granted Plaintiff's

motion for summary judgment a few months after it was filed. *Id.* The disputed

property was then auctioned on October 17, 2023 and Plaintiff filed a motion to

confirm the auction. *Id.* at 4. The hearing for the motion to confirm the auction

was continued several times over the course of nearly two years between

November 21, 2023 to July 21, 2025. *Id.* Within that time, Defendant removed

the case to federal court, first on February 14, 2024 in Civil No. 24-00070 LEK-

RT, and again on March 17, 2025 in Civil No. 25-00122 JAO-KJM; the case was

remanded both times. *Id.* at 4–6. Defendant conspicuously filed these removals

days before the scheduled hearing to confirm the auction. *Id.* He also filed for

bankruptcy on November 6, 2024, which was dismissed with a 180-day bar to

refiling because "it [was] clear that the debtor does not take seriously his

obligations under the Bankruptcy Code and Rules." ECF No. 12-18 at 3.

Throughout this process, Defendant has been residing in the disputed property.

ECF No. 51 at 4.

Plaintiff filed the instant Motion to Remand on August 18, 2025. ECF No.

11. Concurrently, Plaintiff filed a Motion for a Pre-Filing Order to prevent

Defendant from remanding the action again. ECF No. 12. After two extensions,

Defendant filed oppositions to both motions. *See* ECF Nos. 34, 35.

3

Upon filing his oppositions, Defendant requested leave to file amended versions, ECF No. 36, and when that was denied, ECF No. 37, he filed a motion for reconsideration, ECF No. 41.  He also filed a motion for leave to file a sur-reply to Plaintiff's Motion for a Pre-Filing Order.  ECF No. 42.  In an Entering Order ("EO"), Judge Mansfield denied Plaintiff's motion for reconsideration and motion for leave to file a sur-reply.  ECF No. 44.  Defendant objected to Judge Mansfield's EO.  ECF Nos. 46, 47.

After providing the parties an opportunity to be heard on Plaintiff's Motion for Pre-Filing Order, Judge Mansfield issued the Pre-Filing Order.  ECF No. 51. Defendant filed his objection to the Pre-Filing Order on January 29, 2026.[1]  ECF No. 52.  Plaintiff opposed Defendant's objection on February 11, 2026.  ECF No. 55.  Defendant also filed an Emergency Motion to Stay Remand Determination, Permit Limited Jurisdictional Discovery, and Preserve Federal Jurisdiction to Prevent Irreparable Harm.  ECF No. 43.  Most recently, he filed a Notice of Supplemental Authority Regarding Article III Standing and Threshold Access to State Court Relief.  ECF No. 53.

---

[1] Although Defendant included "motion to vacate and motion to stay enforcement" to the title of his objection to the Prefiling Order, he doesn't provide any legal arguments for such motions, *see* ECF No. 52, so the Court will only consider the arguments set forth by Defendant.

## II.    DISCUSSION

## A.    Motion for Remand

### 1.    Legal Standard

Under 28 U.S.C. § 1441, a defendant may remove a civil action brought in a state court to federal district court if the district court has original jurisdiction. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679–80 (9th Cir. 2006). "Removal . . . statutes are 'strictly construed,' and a 'defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability.'" *Hawaii ex rel. Louie v. HSBC Bank Nevada, N.A.*, 761 F.3d 1027, 1034 (9th Cir. 2014) (quoting *Luther v. Countrywide Home Loans Serv. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008)); *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam)) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.").

"Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). So-called federal question jurisdiction provides that district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 392 (citation omitted).  A case may not be removed "on the basis of a federal defense." *See id.* at 393.

### 2.      Federal Question Jurisdiction

Although this third removal is slightly different from the previous removals, the substance is the same.  Defendant's theory for federal question jurisdiction is still based on alleged federal defenses, which the Court has already twice rejected. *See Wilmington Sav. Fund Soc'y, FSB v. Wallace*, 2024 WL 3234038 (D. Haw. June 28, 2024); *Wilmington Sav. Fund Soc'y, FSB v. Wallace*, Civil No. 25-00122 JAO-KJM, Dkt. No. 43 (D. Haw. June 16, 2025).

Indeed, Defendant rehashes many of the same arguments this Court has already seen from him.  He insists that Plaintiff's actions violate various federal laws and his constitutional rights.  *Compare* ECF No. 34 at 7 (citing the US Bankruptcy Code and Supremacy Clause of the US Constitution), *with Wilmington Sav. Fund Soc'y*, Civil No. 25-00122 JAO-KJM, Dkt. No. 32 at 1–3 (citing federal statutes, federal agencies, and the Supremacy Clause).  Although Defendant contends that Plaintiff is avoiding federal jurisdiction by preventing him from filing for bankruptcy, he doesn't provide any factual support for that allegation or

6

any legal authority that would confer federal jurisdiction over the foreclosure action. *See* ECF No. 34 at 7–8. Ultimately, Defendant's bankruptcy theory is a defense and doesn't affect whether there is federal jurisdiction over the original complaint.

In Defendant's Motion for Stay and his Notice of Supplemental Authority, he (improperly) adds that Plaintiff lacks standing for the foreclosure action, ECF Nos. 43, 53, but the Court has already considered that argument to be a defense that fails to establish federal jurisdiction. *See Wilmington Sav. Fund Soc'y*, 2024 WL 3234038, at *5 (denying Defendant's argument that Plaintiff "lacks standing to enforce the Note and accompanying Mortgage").

Thus, the Court repeats: "Federal question jurisdiction requires that 'a federal question is presented on the face of the *plaintiff's* properly pleaded complaint.'" *Wilmington Sav. Fund Soc'y*, Civil No. 25-00122 JAO-KJM, Dkt. No. 43 at 4 (quoting *Caterpillar Inc.*, 482 U.S. at 392). Yet, Defendant still fails to meet his burden to establish that removal is proper because he does not allege that Plaintiff brings federal claims against him. *See Hawaii ex rel. Louie*, 761 F.3d at 1034.

> **3.     Other Grounds for Subject Matter Jurisdiction**

Plaintiff also argues this removal is untimely and the forum defendant rule prevents Defendant from removing this action. *See* ECF No. 11-1 at 7–9. For a third time, the Court agrees.

The Court already warned Defendant that his "removal of this action more than three years after the commencement of this action is untimely under Title 28 United States Code Section 1446(c)(1)." *Wilmington Sav. Fund Soc'y*, 2024 WL 3234038, at \*4. Furthermore, removal is improper under the Forum Defendant Rule, 28 U.S.C. § 1441(b)(2) when the defendant is a citizen of the forum state. *See id.* None of these circumstances have changed from the last time this case was removed. This action is still untimely and Defendant is still a citizen of Hawai'i. *See* ECF No. 1 at 3. There isn't federal jurisdiction over this case, and it must be remanded.

### 4.    Sanctions

Defendant has wasted judicial resources by frivolously removing this case three times and has been warned twice that he may be sanctioned if he continues to remove the case, so the Court may justifiably issue sanctions under Fed. R. Civ. P 11 and 28 U.S.C. § 1447(c) *in addition* to the pre-filing restrictions. *See, e.g.*, *PNC Bank Nat'l Ass'n v. Ahluwalia*, 2015 WL 3866892, at \*6 (N.D. Cal. June 22, 2015) (imposing both sanctions and pre-filing restrictions on pro se defendant for improper removals in unlawful detainer suit). However, as inferred from the Pre-

Filing Order, Defendant's IFP Application, his own statements in his objections to the Pre-Filing Order, and the nature of the underlying foreclosure action, Defendant likely doesn't have the means to pay sanctions.  The Court recognizes the Pre-Filing Order is a substantial limitation on Defendant and finds that it is sufficient to hold Defendant accountable for his frivolous removals.  The Court makes this decision without prejudice to entering future sanctions orders.

**B.      Objections to Non-Dispositive Magistrate Judge Orders**

### 1.      Legal Standard

District courts review magistrate judges' decisions on non-dispositive matters under a "clearly erroneous or contrary to law" standard.  Fed. R. Civ. P. 72(a); *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1063 (9th Cir. 2004); *Bhanu v. NME Hosps., Inc.*, 929 F.2d 1404, 1414 (9th Cir. 1991).

The "clearly erroneous standard is significantly deferential, requiring a definite and firm conviction that a mistake has been committed before reversal is warranted." *Mathews v. Chevron Corp.*, 362 F.3d 1172, 1180 (9th Cir. 2004) (internal quotation marks and citation omitted).  "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991); *see also Rivera*, 364 F.3d at 1063 (stating that a district court may not overturn a magistrate judge's pretrial order "simply because [it] might have weighed differently the various

interests and equities"). A court "need not consider arguments raised for the first time in objections to a Magistrate Judge's non-dispositive order." *Lesane v. Hawaiian Airlines, Inc.*, 2020 WL 215488, at *2 (D. Haw. Jan. 14, 2020).

"A decision is 'contrary to law' if it applies an incorrect legal standard or fails to consider an element of the applicable standard." *Iseke v. City & Cnty. of Honolulu*, 2016 WL 4546368, at *3 (D. Haw. Aug. 31, 2016) (citation omitted).

### 2. Pre-Filing Order

Judge Mansfield has not clearly erred in issuing the Pre-Filing Order.

Before imposing pre-filing restrictions, a court must:

> (1) give litigants notice and an opportunity to oppose the order before it [is] entered; (2) compile an adequate record for appellate review, including a listing of all the cases and motions that led the district court to conclude that a vexatious litigant order was needed; (3) make substantive findings of frivolousness or harassment; and (4) tailor the order narrowly so as to closely fit the specific vice encountered.

*First Interstate Bank v. Wall St. Apartments LLC*, 2025 WL 2803544, at *1 (9th Cir. Oct. 2, 2025) (citing *Ringgold-Lockhart v. Cnty. of Los Angeles*, 761 F.3d 1057, 1062 (9th Cir. 2014)).

The Pre-Filing Order easily meets the first two prongs. Judge Mansfield gave Defendant two extensions to oppose Plaintiff's Motion for a Pre-Filing Order and held a hearing on January 14, 2025, after two continuances that Defendant requested. ECF Nos. 22, 30, 50. When Defendant failed to appear at the hearing,

Judge Mansfield's chambers made three attempts to reach him.  ECF No. 50.

Furthermore, the Pre-Filing Order thoroughly outlines the factual and procedural

history of this case and thoughtfully incorporates the record to determine whether

the restriction is appropriate.  ECF No. 51 at 2–7, 10–22.

The last two prongs are substantive.  *See Ringgold-Lockhart*, 761 F.3d at

1062.  For the third prong, the Court agrees with Judge Mansfield's finding that

Defendant's removal attempts are frivolous, vexatious, harassing, and duplicative.

ECF No. 51 at 15–16.  As discussed above, the instant removal is meritless and

duplicative.  Defendant is treating removals as a means of delaying the inevitable.

For example, Defendant requests that the Court stay its remand order

(because he knows remand is unavoidable) so he can litigate his defense here, ECF

No. 43—but that's not how federal jurisdiction works.  The Court simply lacks

jurisdiction over this case, and it doesn't have the power to issue the relief

Defendant seeks.  The Court understands that Defendant is doing anything he can

to continue residing on the disputed property, but he cannot abuse judicial

procedures in that effort.  While three attempts may not typically be considered

numerous, the three notices of removal for the same case under repetitive theories

in a short period of time are inordinate.  *See*, *e.g.*, *First Interstate Bank v. Wall St.*

*Apartments, LLC*, 2024 WL 6862226, at *3 (E.D. Wash. June 6, 2024), *aff'd*, 2025

WL 2803544 (9th Cir. Oct. 2, 2025) (finding three attempts to relitigate the

removal issue when there were no substantive differences were unacceptable and warranted a pre-filing injunction). These are not merely "unsuccessful" attempts, as Defendant puts it, ECF No. 52 at 4; they are frivolous, *see First Interstate Bank*, 2024 WL 6862226, at \*3.

The Pre-Filing Order is also narrowly tailored, which satisfies the final prong. The Pre-Filing Order restricts "duplicative or frivolous" removal attempts of this singular action. ECF No. 51 at 21. This is the type of restriction that the court in *Ringgold-Lockhart* would approve. 761 F.3d at 1067 ("[I]t is not uncommon for district courts to enjoin litigants from relitigating a particular case[.]" (emphasis omitted)). The Pre-Filing Order also allows Defendant to remove the action if counsel represents him. ECF No. 51 at 19. This condition is practical because attorneys are bound by "prescribed rules of ethics and professional conduct, and, as officers of the court, are subject to disbarment, suspension, and other disciplinary sanctions" and "therefore are much less likely to file frivolous claims[.]" *Doran v. Vicorp Restaurants, Inc.*, 407 F. Supp. 2d 1115, 1118 (C.D. Cal. 2005).

Defendant argues that the Pre-Filing Order is not narrowly tailored because it doesn't anticipate "changed circumstances, newly arising federal issues, bankruptcy-related developments, or post-order constitutional violations." ECF No. 52 at 5. However, the restriction provides Defendant with the opportunity to

remove the case in the unlikely event he presents a non-frivolous proposed notice

of removal.  ECF No. 51 at 22.  The Pre-Filing Order is appropriate here because

Defendant has shown a pattern of removing this action right before the hearing to

confirm the sale of the property, and his representations and conduct in this case

imply that he intends to continue this practice for as long as he can.[2]

The Court finds that Judge Mansfield's Pre-Filing Order was not clearly

erroneous or contrary to law.  Defendant can no longer remove this case to federal

court without attorney representation or leave to do so.[3]

### 3.    Leave to File Amended Oppositions

Defendant objected to Judge Mansfield's decision to prevent him from

amending his oppositions to Plaintiff's Motion for Remand and Motion for Pre-

Filing Order, arguing that Judge Mansfield should have considered excusable

neglect before denying him leave.  ECF No. 46.  However, federal courts have

inherent power "to control the disposition of the causes on [their] docket[s] with

---

[2]  For example, Defendant views removal as a "statutory protection[]" because it automatically delays the confirmation hearing of the foreclosure sale.  ECF No. 52 at 9.  But without proper grounds to remove the case, Defendant's conduct is an abuse of process and wastes the Court's and Plaintiff's resources.  *See First Interstate Bank*, 2024 WL 6862226, at *3.
[3]  Defendant expresses concern that the Pre-Filing Order requires him to pay the $405 civil filing fee upfront for any proposed notice of removal.  *See* ECF No. 52 at 6.  The Pre-Filing Order addresses the possibility that Defendant pays the filing fee when filing a proposed notice, but it doesn't foreclose Defendant's right to file an IFP application in lieu of the filing fee.  *See* ECF No. 51 at 22.

13

economy of time and effort for [themselves], for counsel, and for litigants."
*Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *Sarkar v. Garland*, 39 F.4th 611,
617 (9th Cir. 2022).  While the Court may have wide discretion to grant liberal
extensions, such discretion is not limitless.  *See*, *e.g.*, *Efau v. Williams*, 473 F.3d
1038, 1041 (9th Cir. 2007) (discussing good cause standard for extensions for
service); *Jenkins v. R.J. Donovan, et al.*, 2012 WL 3039825 at *1 (9th Cir. July 26,
2012) (finding no abuse of discretion in dismissing pro se complaint when the
district court granted three other extensions).

Defendant's request to amend was effectively another request for an
extension.  Judge Mansfield already extended Defendant's deadlines twice, over
Plaintiff's objections.  *See* ECF Nos. 22, 30.  Defendant has claimed to have health
issues since September 24, 2025 in *this* case alone.  *See* ECF No. 20 at 1; ECF No.
24 at 2; ECF No. 36 at 2.  Notably, this was Defendant's pattern in his previous
removal attempt.  *See* ECF No. 30 at 1; *see also Wilmington Sav. Fund Soc'y*, Civ
No. 25-cv-00122 JAO-KJM, Dkt. No. 22 at 1.  Thus, Judge Mansfield acted within
his inherent powers to deny Defendant's request to file amended oppositions.  The
Court finds no clear error here, especially because it wouldn't have made a
difference in the outcome of the Pre-Filing Order or the Court's decision to
remand.  This, like many of Defendant's actions, appears to be another attempt to
delay proceedings for as long as possible.

14

### 4.   Leave to File Sur-reply

Defendant also objected to Judge Mansfield's EO because it denied him leave to file a sur-reply to Plaintiff's Motion for Pre-Filing Order, *see* ECF No. 46, which Judge Mansfield denied for lack of good cause shown, ECF No. 44.  When new evidence or arguments are presented in a reply brief, a court may only consider them if it gives the adverse party an opportunity to respond.  *See Provenz v. Miller,* 102 F.3d 1478, 1483 (9th Cir. 1996); *El Pollo Loco, Inc. v. Hashim,* 316 F.3d 1032, 1040–41 (9th Cir. 2003).

Defendant argues that Plaintiff added a new argument in its reply because it states that "Defendant does not contest the procedural requirements for a prefiling order, notice and the opportunity to be heard, have been satisfied."  ECF No. 40 at 2.  This was in reference to the first two requirements a court considers for pre-filing restrictions, which is to give Defendant notice and an opportunity to oppose and to compile an adequate record before such an order is entered.  Perhaps, Plaintiff's phrasing was imprecise, because Defendant could not plausibly contest that he was given notice and an opportunity to be heard when the Court extended his deadline and the hearing twice.  ECF Nos. 22, 30.  And when Defendant failed to attend the hearing, the Court's staff attempted to reach him, but to no avail.  ECF No. 51 at 2.  As discussed above, the Court finds that there is an adequate record to require Defendant to obtain the Court's permission before filing a notice

of removal from the state foreclosure case.  Defendant has again failed to establish that Judge Mansfield clearly erred.

### III.    CONCLUSION

For the foregoing reasons, the Court orders the following:

1. OVERRULES Defendant's objections to Judge Mansfield's Pre-Filing Order and the EO denying leave to file amended oppositions and a sur-reply.  The Pre-Filing Order is final.

2. REMANDS this action to the Circuit Court.

Because the Court lacks subject matter jurisdiction here, the Court DENIES as MOOT Defendant's IFP Application (ECF No. 10) and Defendant's Emergency Motion to Stay Remand Determination, Permit Limited Jurisdictional Discovery, and Preserve Federal Jurisdiction to Prevent Irreparable Harm (ECF No. 43).

IT IS SO ORDERED.

Dated:  Honolulu, Hawaiʻi, February 27, 2026.



Jill A. Otake
United States District Judge

CIV. NO. 25-00302 JAO-KJM, *Wilmington Savings, Fund Society, FSB v. Wallace*; ORDER REMANDING ACTION

16